IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EATON VANCE MUNICIPALS TRUST,
EATON VANCE MUNICIPALS TRUST II,
EATON VANCE CORP., and JAMES B.
HAWKES, as TRUSTEE OF EATON VANCE
MUNICIPALS TRUST and EATON VANCE
MUNICIPALS TRUST II                                                                          PLAINTIFFS

VERSUS                                                       CIVIL ACTION NO. 4:06CV117-P-B

DELORES CONEGIE, by and through
her next friend, LAKEISHA CONEGIE                                                    DEFENDANT

## ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. The Court, having reviewed the filings and being otherwise fully advised in the premises, finds as follows, to-wit:

On or about August 17, 2007, this Court entered an Order compelling arbitration of the claims alleged by defendant in an underlying state court action styled <u>Delores Conegie, by and through Deola Lee, Next Friend, Individually, and on behalf of for the use and benefit of Delores Conegie v. Magnolia Healthcare, Inc. et al</u>, Cause No. CI29004-193, then pending in the Circuit Court of Washington County, Mississippi. Pursuant to the same Order, this Court stayed plaintiff's action under the Federal Arbitration Act pending a decision by the arbitrator in the underlying state proceeding.

More than a year later, the assigned trial judge directed his staff to determine the status of the action. Inquiry to plaintiff's counsel revealed that defendant Conegie never pursued arbitration,

an election which can only be construed as a decision to abandon her claims.[1]  Inasmuch as no arbitration took place, this Court cannot be called upon to confirm or deny an award, or to modify, correct or vacate an award in arbitration as provided for in 9 U.S.C. §§ 10-11.  Accordingly, there is no reason to hold this action in abeyance; likewise, there is no reason why this action should not be dismissed with prejudice, with each party to bear its own costs.[2]

IT IS, THEREFORE, ORDERED AND ADJUDGED that this action should be dismissed with prejudice, each party to bear its own costs.

SO ORDERED AND ADJUDGED, this the 27th day of January, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel subsequently contacted Ms. Conegie's attorney by electronic mail to inquire of his intentions regarding arbitration; his efforts availed nothing.  Those communications are attached as an Exhibit to this Order.

[2] Dismissal of the instant case is in no way to be construed by Conegie or her counsel as permitting further prosecution of the previously filed state court action.